GEORGE S. CARDONA
United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
JOEY L. BLANCH (SBN: 186487)
Assistant United States Attorney
Organized Crime Section
    United States Courthouse
    312 North Spring Street, 15th floor
    Los Angeles, California 90012
    Telephone:  (213) 894-3315
    Facsimile:  (213) 894-3713
    E-mail: joey.blanch@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED 2007 AUG 24 PM 3:45 CLERK U.S. DISTRICT COURT CENTRAL DIST OF CALIF. LOS ANGELES BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 07-00867 |
| ) | |
| Plaintiff, ) | PLEA AGREEMENT FOR DEFENDANT |
| ) | CHRISTIAN RIOS MORENO |
| v. ) | |
| ) | |
| CHRISTIAN RIOS MORENO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

1.   This constitutes the plea agreement between CHRISTIAN RIOS MORENO ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## PLEA

2. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a two-count information in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charges a violation of Title 18, United States Code, Section 2422(b), using the Internet and telephone to attempt to induce a minor to engage in criminal sexual activity, the following must be true:

    a. Defendant knowingly intended to persuade, induce, or entice a person under the age of 18 to engage in a sexual act;

    b. The sexual act constitutes a criminal violation under state or federal law;

    c. Defendant did something that was a substantial step toward persuading, inducing or enticing a person under the age of 18 to engage in a sexual act; and

    d. Defendant used a facility or means of interstate commerce, specifically the Internet and/or telephone.

In order for defendant to be guilty of count two, which charges a violation of Title 21, United States Code, Section 1326(a), illegal alien found in the United States following deportation, the following must be true:

    a. defendant was, at the time of the offense, an alien, that is, a person who is not a natural-born or naturalized citizen, or a national, of the United

States;

b. defendant had been lawfully deported or removed from the United States;

c. subsequent to this deportation or removal, defendant was found in the United States after knowingly and voluntarily re-entering and thereafter remaining in the United States; and

d. the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or any authorized representative of either the Attorney General or that Department, had not consented to defendant's reapplying for admission or otherwise consented to defendant's re-entry or presence in the United States.

In order for defendant to be subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2), defendant's deportation or removal must have occurred after defendant was convicted of an aggravated felony, that is, the felony described in paragraph 11 below. Defendant admits that he is, in fact, guilty of these offenses as described in counts one and two of the information and that he is subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2), as set forth below.

PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2422(a), is: lifetime imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss

3

resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2422(a), is 10 years imprisonment and a five year period of supervised release.

5. The statutory maximum sentence that the Court can impose for a violation of Title 8, United States Code, Section 1326(a), where the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2) apply, is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

6. Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: lifetime plus 30 years imprisonment; a lifetime period plus three years of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

7. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant further understands that as a condition of supervised release, under 18 U.S.C. § 3583(d) defendant will be required to comply with the requirements of the Sex Offender

Registration and Notification Act. Defendant understands that if he resides in California, he will be subject to the registration requirements of California Penal Code Section 290. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

10. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 13 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, a citizen of Mexico, was at all times relevant to this plea agreement an alien, that is, not a natural-born or naturalized citizen, or national, of the United States.

On or about July 26, 2006, defendant was convicted of Lewd Acts on a Child in violation of California Penal Code Section 288(C)(1), Los Angeles County Superior Court, Case number VA09589701, and sentenced to 365 days in jail. This case stemmed from defendant having oral and vaginal sex with a fourteen-year-old girl ("Victim") when he was 28 years old.

After completing his sentence, defendant was lawfully deported and removed from the United States on or about March 19, 2007.

On April 4, 2007, defendant telephoned Victim, in Los Angeles County, from Mexico. She was now fifteen years old; defendant was thirty. Defendant said that he thought about Victim everyday while he was in jail, and that he wanted to see her again. He told Victim that would be coming back to the United States. That same day, Victim contacted law enforcement. During a consensually monitored telephone call between Victim (in Los Angeles County) and defendant (in Mexico), defendant again told Victim that he missed her and wanted to see her. They agreed to communicate further via computer.

Between April 4, 2007 and June 2007, defendant and "Victim" communicated via computer, using the Internet to send both instant messages and email. Defendant was not actually communicating with Victim, but with an undercover FBI agent. However, at all times relevant, defendant believed that he was speaking to Victim, a 15-year old girl with whom he had already had sex. Using the Internet, defendant attempted to persuade Victim to engage in sexual activity with him again. By attempting to persuade a 15-year-old girl to engage in this sexual activity, defendant attempted to engage in sexual activity for which he could be charged with a criminal offense, namely, Lewd Acts on a Child in violation of California Penal Code Section 288(C)(1).

Defendant took substantial steps towards persuading, inducing and enticing Victim to engage in oral and vaginal sex with him. These steps include the following:

- Defendant repeatedly told Victim that he intended to return to Los Angeles and that he wanted them to be together.

- Defendant acknowledged that Victim was only fifteen years old, but told her he did not think she was too young for him.

6

- Defendant told Victim that he had written her love letters from prison, but had not sent them. He told her he was not deterred by the fact that he could go to jail again if was caught with her again.

- Defendant told Victim about his sexual plans for her in graphic detail. For example he said "I WANT TO TASTE YOU SO BAD. IM THINKING ABOUT HOW GOOD [your] PUSSY TASTES IN MY MOUTH. I WANT IT. I NEED IT. I WANT TO FUCK IT." On another occasion he said: "I want to fuck you so bad and suck on your big ass tits, then lick your pussy and run my fingers thru it while you suck on my big ass dick ... I cant wait to be with you again to make you mine. YOUR MINE. " He said: "I WANNA FUCK THE SHIT OUT OF YOU."[1]

- Defendant discussed with Victim how they could meet when he returned to Los Angeles without letting her mother know where she was. They agreed to meet at a mall in Downey, California.

- Defendant warned Victim not to tell anyone about his plans because he could get in trouble.

- On approximately June 7, 2007 defendant re-entered the United States from Mexico, and returned to Los Angeles. As soon as he arrived, he contacted Victim.

- "Victim" told him she could not meet that week because she would be out of town. However, as soon as "Victim" returned, defendant agreed to meet her at the Hot Tropics store at a mall in Downey.

- On June 25, 2007, Defendant went to the mall in Downey, and walked to the Hot Tropics clothing store. He brought with him the love letters he had written to Victim while he was in jail.

On June 7, 2007, when defendant knowingly and voluntarily re-entered and thereafter remained in the United States, he did so without the consent of the Attorney General or his designated successor, the Secretary of the Department for Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States. On June 25, 2007, when defendant went to meet Victim, he was found in the United States, in Los Angeles County, Central District of California.

---

[1] Defendant's statements are as he wrote them, and have not been corrected for grammatical errors.

## WAIVER OF CONSTITUTIONAL RIGHTS

11. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his pleas of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

12. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

13. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

**Count One:**

| | | |
|---|---|---|
| Base Offense Level : | 24 | [U.S.S.G. § 2G1.3(a)] |
| Use of computer: | +2 | [U.S.S.G. § 2G1.3(b)(3)] |
| Total | 26 | |

**Count Two:**

| | | |
|---|---|---|
| Base Offense Level : | 8 | [U.S.S.G. § 2L1.2(a)] |
| Deportation or removal after conviction for a crime of violence : | +16 | [U.S.S.G. § 2L1.2(b)(1)(A)(ii)] |
| Total | 24 | |

**Combined Offense Level:**

| | | |
|---|---|---|
| Count One: | 26 | |
| 2 Units: | +2 | [U.S.S.G. § 3D1.4] |
| Total | 28 | |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant also

9

understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 or a repeat and dangerous sex offender against minors under U.S.S.G. §4B1.5. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above. <u>Defendant understands that nothing in this plea agreement prevents the government from arguing that he is a repeat and dangerous sex offender against minors and that U.S.S.G. §4B1.5 applies</u>.

14.  There is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

16.  The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 13 (including the sentencing range established U.S.S.G. §4B1.5, if applicable) by the are consistent with the facts of this case.

<u>DEFENDANT'S OBLIGATIONS</u>

17.  Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

18.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute defendant for violations of 18 U.S.C. § 2250 or 18 U.S.C. § 2260A arising out of defendant's conduct described in the stipulated factual basis set forth in paragraph 10 above.  Defendant understands that the USAO is free

to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

## BREACH OF AGREEMENT

19.  If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty pleas, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all of its obligations under this agreement.

20.  Following the Court's finding of a knowing and willful

breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21. Defendant gives up the right to appeal any sentence imposed by the Court, including conditions of supervised release, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above

1 and is constitutional, and (b) the Court imposes a sentence of
2 fifteen years or less.
3     22.  The USAO gives up its right to appeal the sentence,
4 provided that (a) the sentence is within the statutory minimum
5 and maximum specified above and is constitutional, and (b) the
6 Court imposes a sentence of fifteen years or more.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

    23.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

### COURT NOT A PARTY

    24.  The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No

one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
United States Attorney

_____          8/23/07
JOEY L. BLANCH                          Date
Assistant United States Attorney

1  I have read this agreement and carefully discussed every
2  part of it with my attorney. I understand the terms of this
3  agreement, and I voluntarily agree to those terms. My attorney
4  has advised me of my rights, of possible defenses, of the
5  sentencing factors set forth in 18 U.S.C. § 3553(a), of the
6  relevant Sentencing Guidelines provisions, and of the
7  consequences of entering into this agreement. No promises or
8  inducements have been given to me other than those contained in
9  this agreement. No one has threatened or forced me in any way to
10 enter into this agreement. Finally, I am satisfied with the
11 representation of my attorney in this matter.

_____            8/23/07
CHRISTIAN RIOS MORENO                  Date
Defendant

16  I am Christian Rios Moreno's attorney. I have carefully
17 discussed every part of this agreement with my client. Further,
18 I have fully advised my client of his rights, of possible
19 defenses, of the sentencing factors set forth in 18 U.S.C.
20 § 3553(a), of the relevant Sentencing Guidelines provisions, and
21 of the consequences of entering into this agreement. To my
22 knowledge, my client's decision to enter into this agreement is
23 an informed and voluntary one.

_____            8-23-2007
PETER JOHNSON                          Date
Counsel for Defendant
Christian Rios Moreno

16

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 07-97M |
| | ) | |
| Plaintiff, | ) | <u>I N F O R M A T I O N</u> |
| | ) | |
| v. | ) | [18 U.S.C. § 2422(b): Use of Facility of Interstate Commerce to Induce A Minor to Engage in Criminal Sexual Activity; 8 U.S.C. §§ 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation] |
| CHRISTIAN RIOS MORENO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 2422(b)]

Beginning on or about April 4, 2007, and continuing until on or about June 25, 2007, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHRISTIAN RIOS MORENO knowingly used a facility of interstate commerce, namely, the Internet and the telephone, to knowingly attempt to persuade, induce, and entice an individual who had not attained the age of

17

1  18 years, to engage in a sexual activity for which a person could
2  be charged with a criminal offense, namely, lewd acts on a child
3  in violation of California Penal Code Section 288(C)(1).

## COUNT TWO

[8 U.S.C. §§ 1326(a), (b)(2)]

On or about June 25, 2007, CHRISTIAN RIOS MORENO, an alien, who had been officially deported and removed from the United States on or about March 19, 2007, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or his designated successor, the Secretary for Homeland Security, to reapply for admission to the United States following deportation and removal.

Defendant's previously alleged deportation and removal from the United States occurred subsequent to at least one of defendant's convictions for the following aggravated felony:

Lewd Acts on a Child in violation of California Penal Code Section 288(C)(1), Los Angeles County Superior Court, Case number VA09589701, for which he received a sentence of 365 days incarceration.

GEORGE C. CARDONA
United States Attorney


THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division



JOEY L. BLANCH
Assistant United States Attorney
Violent and Organized Crime Section

# CERTIFICATE OF SERVICE

I, <u>Tonia L. Noble</u>, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT CHRISTIAN RIOS MORENO**
service was:

[X] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**PETER JOHNSON**
**DEPUTY FEDERAL PUBLIC DEFENDER**
**321 EAST 2ND STREET**
**LOS ANGELES, CA 90012**

[ ] By hand delivery addressed as follows:

[X] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

This Certificate is executed on **August 24, 2007** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_Tonia Noble_
TONIA L. NOBLE